NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| REGINALD BELL,<br><br>              Plaintiff,<br><br>   v.<br><br>ARMSTRONG ICE CREAM,<br><br>              Defendant. | Civ. No. 18-19<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the U.S. Magistrate Judge's "Report and Recommendation" ("R&R") (ECF No. 7), in which the U.S. Magistrate Judge granted the Motion to Proceed *In Forma Pauperis* filed by Plaintiff Reginald Bell ("Plaintiff") (ECF No. 2), granted the Motion for Service by U.S. Marshal filed by Plaintiff (ECF No. 3), and recommended that the Court dismiss Plaintiff's claims without prejudice. Plaintiff has not objected to the R&R. For the reasons stated herein, the Court adopts the R&R and dismisses the Complaint.

## **BACKGROUND**

Plaintiff alleges that he was denied access to the ice cream shop of Defendant Armstrong Ice Cream ("Defendant") because he was accompanied by his service animal. (Compl. at 3, ECF No. 1.) On June 26, 2018, Plaintiff filed the Complaint, alleging violations of Title II of the

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and 28 C.F.R. Part 3. (*Id.* at 1.) Plaintiff seeks $100,000 in damages. (*Id.* at 4.) Along with his Complaint, Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 2) and a Motion for Service by U.S. Marshal (ECF No. 3). On August 13, 2018, the Magistrate Judge entered the R&R, which granted the Application to Proceed *In Forma Pauperis* and the Motion for Service by U.S. Marshal, but dismissed the Complaint without prejudice for failure to state a claim upon which relief can be granted. (R&R at 4, ECF No. 7.) The Magistrate Judge's R&R is presently before the Court.

## **STANDARD OF REVIEW**

Objections to a Magistrate Judge's report and recommendation must be filed within fourteen days. Fed. R. Civ. P. 72(b)(2). Where parties do not object to a Magistrate Judge's report and recommendation, a district court is not required to review the report and recommendation before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). The "better practice," however, "is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). In the absence of objections, the district court reviews the report and recommendation's conclusions on dispositive issues for "plain error." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *Henderson*, 812 F.2d at 878), *aff'd* 276 F. App'x 125 (3d Cir. 2008). Under this standard, the district court will defer to the Magistrate Judge's rulings unless the error was "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Id.* (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)). Because the parties have not objected to the Magistrate Judge's R&R in this case, the Court reviews the R&R under a

plain error standard of review.

## **LEGAL STANDARD**

In a proceeding *in forma pauperis*, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B); *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. While courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

The Court finds that the Magistrate Judge's screening of the Complaint applied the appropriate legal standards. Although Plaintiff alleges claims under Title II of the ADA, that provision only applies to public entities. *See* 42 U.S.C. § 12131. Instead, the Magistrate Judge construed the Complaint to assert a claim under Title III of the ADA, which applies to places of public accommodation. (R&R at 2 (citing 42 U.S.C. § 12182(a).) However, because a private suit brought under Title III of the ADA can only seek injunctive relief, *see* 42 U.S.C. § 12188(a)(1) (providing only for injunctive relief pursuant to 42 U.S.C. § 2000a-3(a)); *Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019) ("[D]amages are not available under Title III of the ADA."), Plaintiff's claims for monetary relief cannot proceed. Moreover, the Magistrate Judge noted that Plaintiff's factual allegations do not support a claim under 28 C.F.R. Part 3, which involves gambling devices. (R&R at 2 n.3.) The Court finds no plain error in the Magistrate Judge's analysis.

## CONCLUSION

For the foregoing reasons, the R&R (ECF No. 7) is adopted, and the Complaint (ECF No. 1) is dismissed without prejudice. An appropriate Order will follow.

Date: <u>September 18, 2020</u>        */s/ Anne E. Thompson*
      ANNE E. THOMPSON, U.S.D.J