NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| REGINALD BELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARMSTRONG ICE CREAM,<br><br>　　　　Defendant. | Civ. No. 18-19<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the U.S. Magistrate Judge's "Report and Recommendation" ("R&R") (ECF No. 10), in which the U.S. Magistrate Judge denied Plaintiff's Motion to Amend (ECF No. 8). Plaintiff has not objected to the R&R. For the reasons stated herein, the Court adopts the R&R and denies Plaintiff's Motion to Amend.

## BACKGROUND

Plaintiff alleges that he was denied access to the ice cream shop of Defendant Armstrong Ice Cream ("Defendant") because he was accompanied by his service animal. (Compl. at 3, ECF No. 1.) On June 26, 2018, Plaintiff filed the Complaint, alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and 28 C.F.R. Part 3. (*Id.* at 1.) Plaintiff seeks $100,000 in damages. (*Id.* at 4.) On August 13, 2018, the Magistrate Judge filed a Report and Recommendation, which granted Plaintiff's Application to Proceed *In Forma*

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

*Pauperis* and dismissed the Complaint without prejudice. (Aug. 13, 2020 R&R at 4, ECF No. 7.) The Magistrate Judge reasoned that Plaintiff's ADA claim must be brought under Title III, which does not provide for monetary damages as a form of relief. (*Id.*) On September 18, 2020 the District Judge adopted the Report and Recommendation. (ECF No. 15.) On August 23, 2018, Plaintiff filed a motion seeking to amend the Complaint to include violations of (1) Title VII of the Civil Rights Act, (2) the ADA, and (3) the Rehabilitation Act of 1973. (Mot. at 1, ECF No. 8.) Plaintiff requests emotional distress damages and punitive damages in the amount of $100,000. (*Id.*) On August 30, 2018, the Magistrate Judge filed the present R&R denying Plaintiff's Motion to Amend. (ECF No. 10.)

## STANDARD OF REVIEW

Objections to a Magistrate Judge's report and recommendation must be filed within fourteen days. Fed. R. Civ. P. 72(b)(2). Where parties do not object to a Magistrate Judge's report and recommendation, a district court is not required to review the report and recommendation before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). The "better practice," however, "is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). In the absence of objections, the district court reviews the report and recommendation's conclusions on dispositive issues for "plain error." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *Henderson*, 812 F.2d at 878), *aff'd* 276 F. App'x 125 (3d Cir. 2008). Under this standard, the district court will defer to the Magistrate Judge's rulings unless the error was "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Id.* (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)). Because the parties have

not objected to the Magistrate Judge's R&R in this case, the Court reviews the R&R under a plain error standard of review.

## LEGAL STANDARD

After amending as of right, a plaintiff may further amend its pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). The court should freely grant leave to amend when justice so requires. *Id.* The district court may exercise its discretion to deny leave to amend a complaint, but it must provide a reason for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## DISCUSSION

The August 30, 2020 R&R correctly concludes that Plaintiff's proposed amendments to the Complaint would be futile. (R&R at 2.) First, Title VII of the Civil Rights Act only applies to claims brought by employees. *See* 42 U.S.C. § 2000e *et seq*. Plaintiff has not alleged that he was an employee of Defendant. Second, Title III of the ADA does not provide monetary damages as a form of relief. (*See* Aug. 13, 2020 R&R at 4 (citing 42 U.S.C. § 12188(a)(1); *Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019)).) Plaintiff's new claims for emotional distress damages punitive damages are both forms of monetary damages. Third, the Rehabilitation Act prohibits discrimination based on disability "under any program or activity receiving Federal financial assistance" or "conducted by an Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). Plaintiff has not alleged that Defendant received federal financial assistance. Accordingly, none of Plaintiff's proposed amendments state a claim

upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's August 30, 2018 R&R (ECF No. 10) is adopted and Plaintiff's Motion to Amend (ECF No. 8) is denied. An appropriate Order will follow.


Date: September 18, 2020                                         */s/ Anne E. Thompson*
                                                                 ANNE E. THOMPSON, U.S.D.J